**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HAL GOLDBLATT,

          Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. 2:17-cv-02193-MMD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (EFC NO. 1-2)

      This matter concerns Plaintiff Hal Goldblatt's ("Mr. Goldblatt's") civil action against Nancy A. Berryhill, the acting Commissioner of the Social Security Administration. *See* ECF No. 1-2. Before the Court are Mr. Goldblatt's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-2). Mr. Goldblatt's application to proceed *in forma pauperis* is granted. For the reasons stated below, Mr. Goldblatt's complaint is allowed to proceed.

## I. *In Forma Pauperis* Application

      The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." This means that an IFP applicant must demonstrate by means of a financial affidavit that he or she cannot afford court fees without undue hardship—that is, paying for the costs of the suit would require the applicant to give up the basic necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) ("[A]n affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs … and still be able to provide[] himself and dependents []with the necessities of life.[]"). An IFP applicant need not be "absolutely destitute" to qualify for IFP status. *Id*. Of course, "the same even-handed care must be employed to assure that federal

1

funds are not squandered to underwrite, at public expense … the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *See Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Mr. Goldblatt has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. *See* ECF No. 1. Mr. Goldblatt's IFP application states that he is unemployed and has no monthly income other than $750 of employment income from his spouse. *Id*. at 1. Mr. Goldblatt's net assets are limited. *Id*. Mr. Goldblatt has adequately shown his inability to pay fees and costs. The request to proceed *in forma pauperis* will be granted under § 1915(a). The Court will now review Mr. Goldblatt's Complaint.

## II. Screening the Complaint Under § 1915(e)

### A. Legal Standards

Upon granting a request to proceed *in forma pauperis*, courts must screen the complaint. *See* 28 U.S.C. § 1915(e); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to *all* in forma pauperis complaints.") (emphasis added). Specifically, courts may dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*. The purpose of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Indeed, the statutory benefit to proceed *in forma pauperis* is conferred as a privilege only, not as a matter of right. *See Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968).

When a plaintiff seeks to proceed *in forma pauperis*, courts require that the plaintiff's complaint provide sufficient notice of the basis of the claims presented and state a claim for relief. *See, e.g.*, *Watison*

*v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Detailed factual allegations are not required. *Id*. But "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). All material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Where the claims in a complaint fail to cross the line from conceivable to plausible, they should be dismissed. *See Twombly*, 550 U.S. 544, 570. When a court dismisses a complaint under § 1915(e), however, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**B. The Complaint States a Claim Upon Which Relief may be Granted**

Mr. Goldblatt's Complaint arises from an unfavorable decision by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). *See* EFC No. 1-2. Mr. Goldblatt asserts that she is disabled as that term is defined in the Social Security Act. *Id*. at 2. Mr. Goldblatt alleges that he filed an application for disability insurance benefits under Title II of the Social Security Act. *Id*. According to Mr. Goldblatt, the Commissioner denied his claim for benefits on February 9, 2016. *Id*. Mr. Goldblatt alleges that he has timely appealed the decision of the Commissioner to this Court, and requests that this Court reverse the Commissioner's decision or, in the alternative, remand the action for a new hearing. *Id*. at 3. In particular, Mr. Goldblatt objects to the Commissioner's decision on the following grounds:

> The ALJ erred by failing to include all of the limitations opined by the
> experts whose opinions he adopted in the RFC finding; as a result, the
> findings at the subsequent steps of the sequential evaluation based on the

3

> deficient RFC are in error. SSR 96-8p; *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).
>
> The ALJ failed, contrary to Agency policy and Ninth Circuit precedent, to appropriately and adequately evaluate the opinions of Plaintiff's treating sources, which establish work-related limitations far greater than those identified in the ALJ's residual functional capacity finding (RFC). 20 C.F.R. § 404.1527; *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).
>
> The ALJ failed in his duty to "develop the record for and against awarding benefits." *Sims v. Apfel*, 530 U.S. 103, 110 (2000); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).

*See* EFC No. 1-2 at 2-3.

The Court finds that Mr. Goldblatt has asserted a claim upon which relief can be granted. The Complaint also establishes that Mr. Goldblatt has exhausted his administrative remedies and that the civil action was timely commenced. Under Title II of the Social Security Act, the Court has jurisdiction over this matter. *See* 42 U.S.C. §§ 401-433. Construing the allegations in a light most favorable to Mr. Goldblatt, the Court finds that Mr. Goldblatt's Complaint has asserted a claim upon which relief can be granted for initial screening purposes under 28 U.S.C. § 1915.

ACCORDINGLY,

IT IS ORDERED that Mr. Goldblatt's application to proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that Mr. Goldblatt is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court file the complaint (ECF No. 1-2) and serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint (ECF No. 1-2) by certified mail to: (1) the Attorney General of the United States, Department

of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530; and (2) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, CA 94105-1545.

IT IS FURTHER ORDERED that the Clerk of the Court issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint (ECF No. 1-2) to the U.S. Marshal for service.

IT IS FURTHER ORDERED that from this point forward, Mr. Goldblatt must serve upon defendant, or defendant's attorney if she has retained one, a copy of every pleading, motion, or other document submitted for consideration by the Court. Mr. Goldblatt must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant or defendant's counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

DATED this 25th day of August, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE