# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

HAL GOLDBLATT,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

2:17-cv-02193-MMD-VCF

**REPORT AND RECOMMENDATION**

MOTION FOR REVERSAL AND/OR REMAND [ECF NO. 14], CROSS-MOTION TO AFFIRM [ECF NO. 15]

  This matter involves an appeal by Plaintiff Hal Goldblatt from the Commissioner's final decision denying social security benefits. Before the Court is Goldblatt's Motion for Reversal and/or Remand (ECF No. 14) and the Commissioner's Cross-Motion to Affirm (ECF No. 15). For the reasons discussed below, the Court should grant Goldblatt's motion to remand in part and deny the Commissioner's motion to affirm.

## STANDARD OF REVIEW

  The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g).

  The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The Court "may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Schneider v. Comm'r*

*of Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). "[H]armless error applies in the Social Security context" "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006). Substantial evidence means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

## DISCUSSION

In this case, the ALJ followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded that Goldblatt did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 13-1 at 15). The ALJ found Goldblatt suffered from medically determinable severe impairments consisting of arthritis, diabetes mellitus, gout, obesity, and asthma, but the impairments did not meet or equal any listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 15-17). The ALJ concluded Goldblatt retained the residual functional capacity to perform sedentary work, limited to sitting for six hours and standing/walking for two hours in a workday. (*Id*. at 18). The ALJ found that Goldblatt could perform past relevant work, and was therefore not under a disability as defined in the Social Security Act. (*Id*. at 21).

Goldblatt challenges the ALJ's assessment on two grounds. Goldblatt argues the ALJ overlooked Dr. Mumford's opinion that Goldblatt can only sit for four hours in a workday. (ECF No. 14 at 5-9). Goldblatt also asserts that the ALJ did not rely on sufficient evidence in finding that Goldblatt's testimony was not credible. (*Id.* at 9-13). The Commissioner argues that the ALJ's residual functional capacity determination is supported by substantial evidence, despite any errors the ALJ may have made in his analysis. (ECF No. 15 at 3-12).

2

**I.      Dr. Mumford's Opinion**

Dr. Mumford performed a consultative examination on Goldblatt. (ECF No. 13-1 at 252-259). Dr. Mumford's written report states that Goldblatt can sit for four hours in an eight-hour workday.[1] (*Id.* at 257). During Goldblatt's hearing before the ALJ, the ALJ heard testimony from Dr. Nelp. (*Id.* at 35). Dr. Nelp testified that Dr. Mumford found that Goldblatt could sit for six hours during the workday. (*Id.* at 37). In the ALJ's written decision, the ALJ states that both Dr. Nelp and Dr. Mumford opined that Goldblatt could sit for six hours during a workday. (*Id.* at 23). The ALJ gave "great weight to Dr. Mumford's assessment because it was consistent with the medical evidence of record as a whole." (*Id.*).

An ALJ "must explain why 'significant probative evidence has been rejected.'" *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.1981). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

It is clear that the ALJ erred in evaluating Dr. Mumford's opinion. The ALJ incorrectly stated that Dr. Mumford opined that Goldblatt could sit for six hours in a workday, rather than four. The two-hour inconsistency is significant, as it is the difference between Goldblatt being able to perform a full eight-hour workday or only being able to work for six hours. The Commissioner argues that the error is harmless

---

[1] The Court notes an apparent inconsistency in Dr. Mumford's report. While he found that Goldblatt can sit for four hours and stand and/or walk for two hours in a workday, totaling only six hours, Dr. Mumford also states that standard breaks and lunch periods would provide sufficient relief to allow work for eight hours. (ECF No. 13-1 at 257-258). To the extent that Dr. Mumford was ambiguous regarding Goldblatt's limitations on sitting, "the ALJ is responsible for…resolving ambiguities." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ did not address Dr. Mumford's apparent inconsistency.

because several other medical sources found that Goldblatt could sit for six hours during a workday. (ECF No. 15 at 4). However, the Court cannot confidently conclude that no reasonable ALJ could have found that Goldblatt was disabled if Dr. Mumford's full opinion was taken into account. The ALJ gave Dr. Mumford's opinion great weight. (ECF No. 13-1 at 23). In addition, one of the medical sources that found Goldblatt could sit for six hours was Dr. Nelp, whose analysis was partially based on an incorrect reading of Dr. Mumford's report. (*Id.* at 37). Dr. Mumford's opinion regarding Goldblatt's sitting limitation could cause the ALJ in this case to re-evaluate his findings.

Because the ALJ erred in interpreting Dr. Mumford's opinion, the Court should remand the ALJ's decision.

## II.    **Goldblatt's Credibility**

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis before finding the claimant's testimony lacks credibility. SSR 96–7p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. In weighing a claimant's credibility, the ALJ may consider factors such as (1) objective medical evidence; (2) reputation for truthfulness; (3) the type, dosage,

effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (4) inconsistencies in testimony or between testimony and conduct; (5) the claimant's daily activities; (6) and the claimant's treatment history. SSR 96-7p; *see also Orn v. Astrue*, 495 F.3d 625, 636-639 (9th Cir. 2007); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The Court finds that the ALJ provided clear and convincing reasons for finding Goldblatt's testimony not fully credible. The ALJ found that Goldblatt's reported activities of daily living and physical examination results were not consistent with the severity of Goldblatt's allegations. (ECF No. 13-1 at 23-24). The ALJ also stated that Goldblatt displayed a "financial motivation in filing for disability benefits" by (1) testifying that he was living on credit cards because no one would hire him, (2) testifying that he was unable to work despite previously certifying that he was able to work in order to obtain unemployment benefits, and (3) testifying that he was let go from his last job rather than leaving due to a disability. (*Id.* at 24). Assuming, *arguendo*, it was an error for the ALJ to omit any mention of work history in his credibility determination, the error is harmless in light of the other factors weighing against Goldblatt's credibility. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (a decision will be upheld if the error "is inconsequential to the ultimate nondisability determination") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). Therefore, the Court recommends denying Goldblatt's motion to reverse or remand on this ground.

### III.     Remanding the ALJ's Decision

Because the ALJ's decision should be remanded, the Court must consider whether the decision should be remanded for further findings or for an award of benefits. Under the *Varney* rule, the Court must follow three steps in deciding whether to order an award of benefits on remand: (1) "ask whether the

ALJ has failed to provide legally sufficient reasons for rejecting evidence;" (2) "determine whether the record has been fully developed, whether there are outstanding issues that must be resolved…and whether further administrative proceedings would be useful; and (3) "find[] the relevant testimony credible as a matter of law…then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of [the] proceeding." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted).

The Court should remand the ALJ's decision for further findings rather than an award of benefits. As previously discussed, the ALJ did not explicitly reject Dr. Mumford's opinion. The ALJ made a mistake in at least not recognizing the ambiguity in Dr. Mumford's opinion that the ALJ should have the opportunity to correct. To the extent that the ALJ needs additional information in evaluating Dr. Mumford's opinion, further proceedings may be helpful in this case.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Goldblatt's Motion for Reversal and/or Remand (ECF No. 14) be GRANTED IN PART. The matter should be remanded for the ALJ to properly evaluate the opinion of Dr. Mumford.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 15) be DENIED.

DATED this 21st day of August, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE