UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HAL GOLDBLATT,<br><br>         Plaintiff,<br>  v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No. 2:17-cv-02193-MMD-VCF<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

Before the Court is Magistrate Judge Cam Ferenbach's Report and Recommendation ("R&R") (ECF No. 18), regarding Hal Goldblatt's motion for reversal and/or remand ("Motion to Remand") (ECF No. 14) and Defendant Nancy A. Berryhill's crossmotion to affirm the agency decision ("Motion to Affirm") (ECF No. 15). Plaintiff did not respond to the Motion to Affirm, though Defendant responded to Plaintiff's Motion to Remand (ECF No. 16). Judge Ferenbach entered the R&R on August 21, 2018. The Court allowed the parties to file any objections by September 4, 2018. (ECF No. 18.) No objections were filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district

court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. Judge Ferenbach found that the ALJ erred in evaluating a doctor's (Dr. Mumford) consultative examination of Plaintiff by incorrectly stating that the doctor opined Plaintiff could sit for six hours in a workday, rather than four. (ECF No. 18 at 3.) Judge Ferenbach further found that the error was not harmless because the doctor's opinion—if correctly considered—could "cause the ALJ in this case to re-evaluate his findings." (*Id.* at 4.) Judge Ferenbach thus recommended that the Court grant Plaintiff's Motion to Remand in part and deny Defendant's Motion to Affirm. (*Id.* at 6.)

Upon review of the R&R and the record in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is therefore ordered that the R&R (ECF No. 18) is accepted and adopted in full. Plaintiff's Motion to Remand (ECF No. 14) is granted in part consistent with the R&R. This case is remanded for the ALJ to properly evaluate the opinion of Dr. Mumford.

It is further ordered that Defendant's Motion to Affirm (ECF No. 15) is denied.

It is further ordered that the Clerk enter judgment in accordance with this order and close this case.

DATED THIS 15th day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE